UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Sergey Bondarenko,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) Case No.: 1:20-cv-3082 |
| | ) |
| **L.B. Gray, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Hahn vs. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaundry, deLauneay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Defendants transact business in this Judicial District.

### Parties

9. The Plaintiff, Sergey Bondarenko, is a natural person.

10. The Plaintiff is a "consumer" as that term is defined by § 1692a.

11. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

12. The Defendant, L.B. Gray, LLC, is a debt collection agency and/or debt purchaser operating from an address at 9100 Keystone Crossing, Suite 850, Indianapolis, IN 40609.

13. The Defendant, L.B. Gray, LLC, is a debt collection agency and is licensed by the State of Indiana.  ***See Exhibit "1" attached hereto.***

14. The Defendants regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

15. The Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

### Factual Allegations

16. The Defendants are a debt collection agency attempting to collect a debt from Plaintiff.

17. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

18. The debt owed by Plaintiff went into default.

19. Plaintiff paid the debt in full on or about December 28th, 2017.  ***See Exhibit "2" attached hereto.***

20. The creditor to whom the debt was owed, an apartment complex named "The Seasons of Carmel," confirmed to Plaintiff that the debt was paid in full, and later re-rented to Plaintiff an apartment because all amounts were paid in full.  ***See Exhibit "3" attached hereto.***

21. At some point prior to December 23, 2019, the debt was placed or otherwise transferred to the L.B. Gray, LLC for collection.

22. The Plaintiff requests that the Defendants cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendants at all times mentioned herein.

24. The Defendants acted at all times mentioned herein through its employee(s) and/or representative(s).

25. On December 23, 2019, Defendant attempted to collect the previously satisfied debt, with $0.00 amount due from Plaintiff, stating falsely instead that the amount due was $967.36. ***See Exhibit "4" attached hereto.***

26. On or before January 20th, 2020, Defendant unfairly and falsely reported to at least one credit reporting agency that the satisfied debt, with $0.00 amount due, was unsatisfied with $967.00 due and owing. ***See Exhibit "5" p. 9, attached hereto.***

27. The FDCPA prohibits debt collectors from making false representations of the character, amount, or legal status of a debt. *15 U.S.C. § 1692e(2)(A)*. Communicating to any person credit information which is known or which should be known to be false is likewise a violation. *15 U.S.C. § 1692e(8)*. A debt collector may not report any amount that is not expressly in the agreement or permitted by law. 1*5 U.S.C. § 1692(f)(1)*. *Husainy v. Allied Collection Serv., Inc.*, 2016 WL 3438502, at *2 (N.D. Ind. June 23, 2016).

28. The Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## Violation of the FDCPA

1  The allegations of Paragraphs 1 through 28 of the complaint are realleged and incorporated herewith by references.

3  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

4  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

5  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

6  As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    /s/ John T. Steinkamp
    John T. Steinkamp
    John Steinkamp and Associates
    Attorney for Plaintiff
    5214 S. East Street, Suite D1
    Indianapolis, IN 46227
    Office: (317) 780-8300
    Fax: (317) 217-1320
    Email: john@johnsteinkampandassociates.com

    /s/ Andrew A. Ault
    Andrew A. Ault
    Ault Law Office, LLC
    Attorney for Plaintiff
    5214 S. East Street, Suite D2
    Indianapolis, IN 46227
    Office: (317) 626-9994
    Email: andrewaultlaw@gmail.com